572 P.2d 1004 (1977)
280 Or. 623
WESTERN WOOD MOULDING & MILLWORK PRODUCERS, Inc., an Arizona Corporation, Appellant,
v.
ARGONAUT INSURANCE COMPANY, a California Corporation, Respondent,
Johnson & Higgins of Oregon, an Oregon Corporation, and Johnson & Higgins of California, a California Corporation, Defendants.
Supreme Court of Oregon.
Petition for Rehearing October 3, 1977.
Response October 31, 1977.
December 20, 1977.
William R. Miller, Jr., William L. Hallmark, and Jones, Lang, Klein, Wolf & Smith, Portland, for the petition.
Thomas S. Moore, and Morrison, Dunn, Cohen, Miller & Carney, Portland, contra.
Before DENECKE, C.J., and HOLMAN, HOWELL, BRYSON, LENT and LINDE, JJ.
On Respondent's Petition for Rehearing October 3, 1977, and Appellant's Response October 31, 1977.
HOLMAN, Justice.
This was an action to recover dividends allegedly declared but not paid by defendant, *1005 a California insurer, on a group policy of workmen's compensation insurance. Defendant claimed the right to withhold from current dividends certain adjustments to dividends paid in all prior years. Our original opinion held that certain evidence was improperly excluded. That evidence, offered by plaintiff, tended to prove an oral agreement that dividends were to be paid in full two years after the close of each policy year, and were not to be recalculated or adjusted thereafter. A judgment for defendant was reversed and the case was remanded for a new trial.
On appeal, defendant had contended that even if the trial court erred in sustaining its objection to the evidence in question, nevertheless that error could not be prejudicial because the evidence tended to prove a dividend agreement which would be illegal and unenforceable under the law of California. We rejected this argument on the ground that the purpose of the relevant California statutes was to protect California workmen. We concluded, therefore, that they did not apply to policies which, like the one involved in this case, covered only workers in other states.
Defendant has filed a petition for rehearing, contending that our disposition of that argument was erroneous. On further reflection, we agree that the California law limiting premium rebates and the payment of dividends by insurers cannot be disregarded in this case. It is designed to protect the financial status of California insurers, and thus the interests of their insureds as a class. The legislative concern expressed in the California insurance statutes, as interpreted by the courts of that state, extends to all types of insurance, not only to workmen's compensation insurance. Therefore, although the parties' briefs provide us with but little assistance on the question, we have examined the California law applicable to insurance policy dividends.
Rebates of insurance premiums are prohibited by Cal.Ins.Code § 750.[1] Section 751 of that code amplifies the general prohibition:
"An insurer * * * shall not offer or pay, directly or indirectly, as an inducement to enter into an insurance contract, any valuable consideration which is not clearly specified, promised or provided for in the policy, or application for the insurance, and any such consideration not appearing in the policy is an unlawful rebate."
The insurance code contains, however, certain qualifications on the prohibition against premium rebates. Section 763 provides:
"The following acts are not unlawful rebates:
"(a) Dividends on participating policies. The return by an insurer issuing policies on a participating plan, of any portion of the premium as a dividend after the expiration of the term covered by such policy."
With specific application to workmen's compensation policies, section 11738 provides:
"Nothing in this article shall affect the right of any insurer to issue compensation participating policies. A refund by reason of a participating provision in a compensation policy shall not be made to policyholders by any insurer except from surplus accumulated from premiums on workmen's compensation policies issued pursuant to laws of this State governing workmen's compensation insurance."
The policy involved in this case is entitled "Standard Workmen's Compensation and Employers' Liability Policy (Participating)." It has two provisions concerning dividends. Paragraph 17 of the "Conditions" provides:
"The named insured shall be entitled to participate in the distribution of dividends to the extent and upon the conditions fixed and determined by the Board of Directors in accordance with law after *1006 expiration of the policy period to which the dividend is applicable."
An endorsement provides:
"Western Wood Moulding & Millwork Producers, Inc. may be entitled to a dividend which shall represent such proportion of any divisible surplus of the company as may be provided in such authorized dividend plan as may hereafter be adopted at the sole discretion of the Board of Directors of the company after the expiration of the policy period to which the dividend is applicable, provided, however (1) such dividend shall be computed on the total premiums earned and losses incurred under this policy and all other policies issued to members of the Association, where such other policies provide for such combination of premium and losses for dividend computation; * * *."
Neither of these provisions sets out the method for computation of dividends in any detail. Defendant contends that "any agreement outside of the policy, which purported to bind defendant insurer as to the method of calculating dividends, was invalid and unenforceable," citing Contractors Safety Association v. California Compensation Insurance Company, 48 Cal.2d 71, 307 P.2d 626 (1957). In that case, the defendant had issued its "standard workmen's compensation policy" to the plaintiff. Plaintiff alleged that as an inducement for the purchase of the policy, defendant had represented that it would pay dividends according to a stated schedule to all insureds having a certain loss-premium ratio, provided that there was surplus available to pay them. It sued to recover the dividends alleged to be due.
The trial court sustained a demurrer to the introduction of any evidence by plaintiff, and the California Supreme Court affirmed. Although the court discussed a number of provisions of the insurance code, its holding is based on the plaintiff's failure to allege that the policy itself contained any provision for the payment of dividends as required by sections 751 and 11738:
"Section 11738, like section 763(a) is limited to participating dividends. Moreover section 11738 expressly requires the participating provision to be `in a compensation policy.'
"It is apparent from a consideration of sections 751, 752, 763, 11736, and 11738 of the Insurance Code and Rule III of the Manual of Rules that the alleged dividend agreement is contrary to law. If the insurance policy which was not pleaded included the agreement and the agreement otherwise conformed to the requirements of the Insurance Code, a different situation would have been presented. There was no request to amend the complaint to include the entire policy." 307 P.2d at 629.
In the present case, as we have pointed out, the policy itself contains participating dividend provisions. The present situation is not within the holding of Contractors Safety Association. The California courts have not been called upon to decide how detailed the policy's dividend or participation provision must be in order to comply with sections 751 and 11738. In Key System Transit Lines v. Pacific Employers Ins. Co., 52 Cal.2d 800, 345 P.2d 257 (1959), the court had before it a policy provision which it characterized as follows:
"* * * While there may be some ambiguity in the participating endorsement provisions of the policy as written, it seems entirely clear that any participating dividend would be payable thereunder only out of `surplus' derived from the overall experience of the insurer on workmen's compensation policies during the policy year `after adequate provision has been made for all losses, loss expenses, reserves, taxes and other charges,' and then only `as may be provided in the authorized refund plan of the Company.'" 345 P.2d at 260.
The court was not required to pass on the validity of that provision, but there is no suggestion in the opinion that its validity was doubtful because it left some details to be filled in by the insurer's "authorized refund plan."
In the present case the dividends were limited by the policy provisions to those to *1007 be determined "in accordance with law" according to an "authorized dividend plan," and were to consist of a pro-rata portion of "any divisible surplus of the company." We find no indication that the California courts would hold that a participation provision in a compensation policy must be so complete as to leave no details undetermined.
The oral agreement which plaintiff alleged and attempted to prove is consistent with the written policy provisions. It does not purport to dictate the amount of the dividends or to vary the terms of the policy as to the source of payment. It concerns only the time when dividends previously declared and paid are no longer to be subject to adjustment and recalculation. We find nothing in the California statutes or court decisions to indicate that an agreement outside the policy concerning that kind of detail is illegal, so long as the participating dividends themselves are adequately provided for in the policy.
Defendant also relies on an administrative rule which provides that an insured's right to a dividend, or to the use of any plan or formula to determine whether dividends shall be paid or the amount of any dividends, shall not accrue unless and until the insurer has determined that it has a distributable surplus and has declared a dividend after the end of the policy term.[2] This rule does not bar the plaintiff's claim in this case. Plaintiff presented evidence that all relevant dividends were declared by the company. Defendant has not shown that, at the time those dividends were declared, it did not have a "surplus accumulated from premiums on workmen's compensation policies" sufficient to pay those dividends. In light of the evidence that dividends were declared, we will not presume that the company failed to first determine that it had an adequate legally available surplus.
We do not now hold that the defense of illegality cannot prevail on retrial. Defendant may be able to present additional evidence on that question. We hold only that under California law the oral agreement which plaintiff alleged and attempted to prove was not illegal on its face.
The petition for rehearing is denied.
NOTES
[1] "An insurer * * * shall not offer or pay, directly or indirectly, as an inducement to insurance on any subject-matter in this State, any rebate of the whole or part of the premium payable on an insurance contract * * * and such rebate is an unlawful rebate."
[2] "No right to a policyholders' dividend (refund) under a workmen's compensation insurance policy or to the application or use of any plan, scale, table, formula, or schedule to determine whether any dividends shall be paid or allowed or the amount thereof shall accrue unless and until the board of directors or other governing body of the insurer shall have determined that the insurer has a surplus accumulated from premiums on workmen's compensation policies issued pursuant to the laws of California governing workmen's compensation insurance and shall have declared such dividends by resolution adopted after the expiration of the term covered by the policy." Title 10, Art. 9, § 2506, California Administrative Code.